IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> MARK ERNEST SPANI, <br><br> Defendant/Movant. | Cause No. CR 22-24-BU-DLC <br><br><br> ORDER DENYING § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY |

Defendant/Movant Mark Ernest Spani seeks to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 152.) Spani is a federal prisoner proceeding pro se. The motion will be denied.

## I. PRELIMINARY REVIEW

Before the United States is required to respond, it is necessary to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules

1

Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. BACKGROUND

On June 24, 2022, a grand jury indicted Spani, with two co-defendants, on eleven counts related to distribution of controlled substances, money laundering, and the illegal possession of firearms. (Doc. 19.) Jack Morris was retained to represent Spani.

Spani signed a plea agreement on September 22, 2022, pleading guilty to Counts 2, 9, and 11 of the Indictment. (Doc. 75 at 2.) The U.S. agreed to dismiss Counts 1, 3, and 7.

Spani consented to Magistrate Judge Kathleen DeSoto presiding over his change of plea hearing on October 13, 2022. (Doc. 76.) Judge DeSoto recommended that the Court accept Spani's plea, which it did. (Docs. 98, 99, and 104.)

Spani was sentenced on April 20, 2023. The Court adopted the presentence report without change. Based on a total offense level of 37 and a criminal history category of I, Spani's advisory guideline range was 210 to

262 months. To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), the Court departed and varied below the guideline to a sentence of 108 months in prison, to be followed by a five-year term of supervised release. (Docs. 139, 140, 141.)

Spani did not appeal. He timely filed this motion to vacate under 28 U.S.C. § 2255 on December 14, 2023. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The transcripts of the change of plea hearing, held November 18, 2022, and the sentencing hearing, held April 20, 2023, are relevant to the issues Spani presents. The United States will be required to order these transcripts for the record and to deliver a copy to Spani. *See* 28 U.S.C. § 753(f).

### III. CLAIMS AND ANALYSIS

Spani's plea agreement waived his right to appeal or collaterally attack his sentence. (Doc. 75 at 8.) He retained his right to assert ineffective assistance of counsel in a collateral challenge. (Doc. 75 at 9.) Thus, Spani asserts three grounds of ineffective assistance. (Doc. 152.)

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Spani must allege facts supporting an inference (1) that counsel's performance fell

outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

### A. Failure to advise Spani of the consequences of his plea

To establish ineffective assistance of counsel regarding his guilty plea, Spani must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He fails to allege facts that support that inference.

Spani contends that counsel did not properly advise him of the consequences of his plea. (Doc. 152 at 4 – 6.) At length, Spani alleges that his counsel never attempted to argue his side to prosecutors or present or seek any evidence that would exonerate him. Spani asserts that he was unaware of the contents of the plea agreement and had no idea of the "magnitude of the sentence [he] would face upon signing the plea agreement." *Id.* at 5. These assertions are contradicted by the record.

At Spani's change of plea hearing on November 18, 2022, the Magistrate Judge investigated these issues in depth. Spani said that he had had sufficient time to discuss the evidence against him with his attorney and

4

that he was satisfied with the representation he had received. The Magistrate went over with Spani what the maximum penalties would be for his conviction and the fact that the plea agreement meant that the U.S. would dismiss three counts against him. Spani stated that he had initialed each page of the plea agreement because he understood the contents of it. The Magistrate discussed with Spani the rights he was waiving, including his right to appeal and to contest the sentence. As far as the sentencing guidelines go, Spani's attorney had a guidelines consultant, and Spani stated that he had discussed his potential sentences with his counsel and the consultant. He expressed no dissatisfaction with his understanding of the possible sentences that he faced, and he understood that if he was not happy with the ultimate sentence, he was not able to withdraw his plea. Spani heard the U.S.'s recitation of the facts it would prove at trial, if necessary, and he admitted all of them, with the exception that he did not know where his guns were manufactured.

Sworn statements in open court are presumed to be truthful. The Court may summarily dismiss "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible." *Blackledge,* 431 U.S. at 74; *see also United States v. Ross,* 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea

hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.") Spani's self-serving assertions in his § 2255 motion directly contradict his testimony in open court. At the time of his change of plea, he stated that he was fully informed and satisfied with his counsel's representations, and he understood the legal jeopardy he faced in terms of sentencing, with and without his plea agreement. Based on Spani's statements in open court, the Magistrate concluded that Spani's plea was competent, knowing, voluntary, and informed. (Doc. 99.) Spani's assertions otherwise in his motion are not credible.

Further, as to the prejudice element of the *Strickland* test, Spani's assertions are likewise unavailing. The Court concludes that Spani fully understood the consequences of pleading guilty, and his assertion that he would have gone to trial are contradicted by the record. The government dismissed three counts against him and moved, at sentencing, for the reduction of his offense level by three for acceptance of responsibility and a timely plea. Those three levels alone took Spani from a range of 292 – 365 months down to his sentencing range of 210 – 262. His final sentence was 108 months, less than the mandatory minimum on Count 1 of the Indictment alone. Spani has failed to support an inference that counsel's performance fell outside the wide range of reasonable professional assistance, or that, but

6

for counsel's performance, the outcome of his proceeding otherwise would have been more favorable. Spani's motion as to this ground will be denied.

### B. Failure to object to the use of relevant conduct at sentencing

Spani's second argument is the Court sentenced him based on "relevant conduct enhancements" that his counsel did not object to. (Doc. 152 at 5 – 6.) Spani relies on Fifth and Third Circuit law to support his conclusion that "there is simply no evidence that [he] would have been found guilty of playing the role that my sentence was based on if the charges had been objected to and the actual facts were revealed." (Doc. 152 at 6.) Spani asserts that he knew nothing about the sentencing guidelines, and that if Morris had objected to relevant conduct at sentencing, the issue would have been preserved for appellate review. *Id*., at 6.

Again, Spani's assertions are belied by the record. He had spoken with Morris's sentencing consultant about the guidelines, as he attested at his change of plea. At sentencing, the Court acknowledged the facts of Spani's criminal history, that despite his several arrests and previous federal drug conviction, he remained in category one. Yet these facts did not impact Spani's sentence. Spani has not further elaborated upon which "actual facts" would have resulted in a lower sentence. His ultimate sentence was below the mandatory minimum that he faced, and well below the life sentence that

7

was available by statute. Spani must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Spani received a very beneficial sentence, well below the potential sentences he faced when indicted, and he has shown no errors at sentencing on the part of counsel without which he would have received a better sentence. The motion will be denied on this ground.

### C. Failure to appeal

Spani asserts counsel was ineffective for failing to consult with him about an appeal after sentencing. (Doc. 152 at 8.) Once again, Spani relies on Fifth Circuit law. He also inaccurately states that his plea agreement did not include a waiver of appeal, which it did. (Doc. 75 at 8 – 9.) Spani asserts that he was interested in appealing his sentence, which his plea agreement explicitly foreclosed. "Had Morris adequately consult [sic] with me after sentencing and explain to me how the Court arrived at the sentence I received, Morris would have known that I desired to appeal. Counsel's performance deprived me of an appeal I otherwise would have taken. It is submitted than any rational defendant would want to appeal if they were in my position." (Doc. 152 at 8.) Spani is incorrect.

8

A failure to appeal when instructed to do so is almost categorically considered ineffective assistance of counsel.

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable… ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit").

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (internal citations omitted).

Failure to consult, however, may not be per se ineffective. "We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Flores-Ortega*, 528 U.S. at 479 (emphasis in original). The Supreme Court held that counsel has a constitutional duty to consult with the defendant if there is reason to think a defendant would want to appeal, or if the particular defendant showed an interest in appealing. In this regard it is necessary to consider the information that counsel "knew or should have known." *Flores-Ortega*, 528 U.S. at 480.

Spani's burden is to establish "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484; *U.S. v. Sandoval–Lopez,* 409 F.3d 1193, 1196 (9th Cir. 2005). "[A] "highly relevant

9

factor" in determining whether a rational defendant would want to appeal is whether the plea was entered pursuant to a plea agreement, whether the defendant had been sentenced in accord with his agreement, and whether the plea agreement waived or reserved the right to appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005).

> [E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making the determination whether there is a reasonable probability that the defendant would have appealed. Thus, the defendant does not have to show that he might have prevailed on appeal to show prejudice, just that he probably would have appealed had his lawyer asked.

*Sandoval-Lopez*, 409 F.3d at 1196.

The facts in Spani's case parallel the facts in *Sandoval-Lopez* up until the final, decisive moment. Like Sandoval-Lopez, Spani received a very good deal as a result of his plea agreement. Like Sandoval-Lopez, Spani's change of plea hearing involved a close and thorough evaluation of his understanding of his agreement, his potential sentence, the assistance of his counsel, and his waiver of his appeal. Like Sandoval-Lopez, Spani was informed at his sentencing by the Court that he must file his appeal within fourteen days, or he would lose the right to do so. This Court also discussed

with Spani his waiver of appeal rights, and he confirmed that he understood that he had waived his right to appeal the sentence.

However, at this point, Spani's case diverges dispositively from the facts in *Sandoval-Lopez*. Sandoval-Lopez claimed in his petition that he has specifically requested an appeal and his attorney declined to file it. Here, Spani makes no assertions that he told Morris that he wanted to appeal. His strongest assertions are that Morris should have known Spani would want to appeal his sentence. This case, then, is not one of counsel disregarding the clear wishes of his client, but one of counsel, allegedly, unable to read the irrational mind of his client.

There are two clear reasons that Morris would *not* know Spani wanted to appeal. First, as discussed above, Spani received an excellent sentence compared to his potential exposure. No rational defendant would choose to throw away his plea agreement and instead go to trial on three additional counts, or risk resentencing, considering his potential sentences. If anything, an appeal of the sentence could have resulted in a higher sentence.

Second, Spani's plea agreement specifically waived his right to attack his sentence. Spani acknowledged at his change of plea hearing that he understood this provision and had discussed it with his counsel. He acknowledged it again at his sentencing hearing. This is not to say that

Morris could have disregarded Spani's request to appeal, because of the waiver. If Spani had asked, Morris would have had to file the notice. *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019). However, without a direct statement by Spani to Morris that he intended to appeal, in light of the waiver, Spani's repeated assertions in open court that he understood he had waived the right, and the excellent sentence, Morris could not have guessed that Spani wanted to appeal. Morris not consulting with Spani after the sentencing was not unconstitutionally ineffective.

    As the Court concluded above, there is no reason to think there were non-frivolous grounds to appeal based on the law or the facts. Spani never asserts that he actually told Morris he wanted to appeal. The facts of the record, related to Spani's admitted conduct, the evidence the U.S. could bring to trial, and Spani's very good sentence, support the conclusion that a rational defendant would not have wanted to appeal.

    Finally, the Court finds that a hearing on this matter is unnecessary. Spani does not assert that he told Morris to appeal. Rather, he asserts that Morris should have known that he wanted to appeal, and the record shows that Morris was supported in his apparent conclusion that Spani would not want to appeal. The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably

incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia–Mesa,* 153 F.3d 925, 931 (9th Cir.1998). Such is the case here.

## IV. CONCLUSION

Spani has asserted three grounds of ineffective assistance of counsel, but the record and the law do not support an inference that counsel's performance fell outside the wide range of reasonable professional assistance, or that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different. Spani's motion will be denied.

## V. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

13

(2000)); *see also Buck v. Davis*, 580 U.S. 100, 115 - 116 (2017).

Spani's claims do not meet the relatively low threshold required to issue a COA. The record of the case provides no factual support for his claim that his counsel was ineffective. The Court does not believe reasonable jurists would find room to debate these issues. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing held November 18, 2022, and the sentencing hearing, held April 20, 2023, are needed to decide the issues Spani presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Mark Ernest Spani, BOP # 02164-046, USP Thomson, P.O. Box 1002, Thomson, IL 61285.

3. Spani's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 152) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Spani files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 23-91-BU-DLC are terminated and shall close the civil file

by entering judgment in favor of the United States and against Spani.

DATED this 23rd day of February, 2024.

_____
Dana L. Christensen, District Judge
United States District Court