IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ERNEST SPANI,<br><br>Defendant. | CR 22–24–BU–DLC<br><br><br><br>ORDER |

On December 30, 2024, Defendant Mark Ernest Spani filed a motion to reduce his 108-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 164.) His projected release date is April 12, 2029. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed April 10, 2025). Counsel was appointed to represent Mr. Spani on January 24, 2025. (Doc. 167.) Appointed counsel filed a supplemental motion on March 14, 2025. (Doc. 168.) The government opposes the motion for compassionate release. (Doc. 169 at 2.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2024).

Mr. Spani argues that a reduction in his sentence is warranted due to his worsening medical condition. For the reasons discussed below, the Court denies the motion for compassionate release.

### I.     Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Mr. Spani submitted his motion for compassionate release to the Warden of FCI Thomson, which was denied. (Doc. 168 at 4.) Thus, it would appear Mr. Spani has exhausted his administrative remedies.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including certain medical circumstances of the defendant, such as suffering from a terminal illness or serious physical or medical condition. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(A), (B)(i). (U.S. Sent'g Comm'n 2024). The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Spani states that he suffers from COPD (Bricklayer's lung), diaphragmatic hernia, enlarged prostate, hypertension, hyperlipidemia, lumbar vertebrae pain, sleep apnea, and depression. (Doc. 164 at 2.) Of most notable concern to Mr. Spani is his COPD diagnosis, as this disease continues to worsen and negatively impact Mr. Spani while he is incarcerated in Illinois. (Doc. 168 at 2.) Mr. Spani has become completely dependent on his inhaler and CPAP machine to manage his COPD. Mr. Spani explains that his breathing issues continue to worsen, likely due to the humidity in Illinois. (*Id.*) Mr. Spani requests that he be released to his home—and placed on home confinement if required—in order to

3

obtain the medical care that he needs. (*Id.* at 4.) Mr. Spani explains that his home is in a dry climate and better suited for his medical condition. (*Id.*)

The Court finds that the Bureau of Prisons ("BOP") is more than capable of handling Mr. Spani's needs. *See United States v. Stanley*, 2025 WL 252713, at *2 (E.D. Cal. Jan. 21, 2025) ("Medical conditions that the BOP can manage, even if there is higher quality care available elsewhere, does not justify release from incarceration."). BOP staff provides essential medical, dental, and mental health services in a manner consistent with that accepted by the community for a correctional environment. *See* Bureau of Prisons, *Medical Care*, available at bop.gov/inmates/custody_and_care/medical_care.jsp (last accessed April 10, 2025). The BOP employs licensed and credentialed health care providers in ambulatory care settings supported by community consultants and specialists. *Id.* If the BOP is unable to care for Mr. Spani at his current placement, it may transfer him to a Federal Medical Center.

Compassionate release was intended to provide a "safety valve" in situations where a defendant's circumstances have changed such that the length of continued incarceration no longer remain equitable. *United States v. Chen*, 48 F. 4th 1092, 1098–99 (9th Cir. 2022). Mr. Spani has failed to establish that his medical circumstances qualify for relief pursuant to 18 U.S.C. § 3582(c)(1)(A), and the BOP can sufficiently handle Mr. Spani's medical concerns.

4

### III.   Section 3553(a) Factors

The Court must also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Mr. Spani is 67 years old. PSR at 3. Mr. Spani was involved in dealing large quantities of methamphetamine, heroin, fentanyl, and cocaine in Butte, Montana. *Id.* ¶ 46. Mr. Spani purchased the drugs out of state and carried firearms to facilitate his drug trafficking activities. *Id.* ¶¶ 39, 42, 45. Mr. Spani ultimately pled guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Doc. 75 ¶ 2.) At the time of his arrest, Mr. Spani had a firearm holstered to his right-hand side as well as a large, fixed blade knife. PSR ¶

39. A search of his vehicle produced a loaded Taurus G2C 9mm handgun, a fixed blade knife, and an electronic stun gun device. *Id.*

At the time of sentencing, Mr. Spani scored a criminal history category of I and a total offense level of 37, which resulted in a guidelines range of 210 to 262 months of imprisonment. *Id.* ¶ 105. The United States recommended 147 months imprisonment, and this Court sentenced Mr. Spani to 108 months. (Doc. 140 at 2.)

Mr. Spani's sentence properly reflected his role in the conspiracy as compared to his less-culpable co-conspirators, who received 84 months and 30 months, respectively. The Court's sentence with respect to Mr. Spani therefore reflected "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Moreover, the nature and circumstances of Mr. Spani's conviction are serious, as discussed above, and warrant adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B).

## Conclusion

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Doc. 164) and supplemental motion (Doc. 168) are DENIED.

DATED this 14th day of April, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court